UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 Case No. 98-2870 (RB) |
| ) | |
| SUMMIT METALS, INC. ) | |
| ) | |
| Debtor, ) | **Related Docket Nos. 537, 538, 542, 543** |
| ) | |

**DESIGNATION OF ITEMS TO BE INCLUDED ON THE RECORD ON APPEAL
AND A STATEMENT OF THE ISSUES TO BE PRESENTED**

In accordance with and pursuant to the Bankruptcy Rule 8006, Ambrose M. Richardson, III (the "Appellant"), a creditor of the Debtor, by and through counsel, files this Designation of Items to be included on the record on appeal and a statement of the issues to be presented, and represents as follows:

**A.  Designation of Items to be Included on Appeal**

1.  Transcript of the hearings on October 12 and 18, 2005. [D.I. 539, 540].

2.  The Court's Memorandum of Opinion and Order granting the Trustee's Motion to Approve the Sale. [D.I. 537].

3.  The Docket and record for the United States Bankruptcy Court for the District of Delaware chapter 11 case no. 98-2870.

4.  The Trustee's Motion to Approve Sale of All or Substantially All of the Assets of Debtor's Subsidiary and attached exhibits. [D.I. 521].

5.  The Appellant's Objection to Motion to Approve Sale of All or Substantially All of the Assets of Debtor's Subsidiary Riverside Millwork, Inc. and attached exhibits. [D.I. 525].

6.  The written offer of Chariot Recovery, Inc. ("Chariot") to purchase the Debtor's 92% owned subsidiary Riverside Millwork, Inc. dated October 12, 2005.

7. Certification of James T. Kelly in Support of Motion to Stay Order Approving Sale of Assets of Riverside Millwork, Inc.

8. Certification of Joseph N. Giglietti in Support of Motion to Stay Order Approving Sale of Assets of Riverside Millwork, Inc.

9. Certification of Stuart J. Benton in Support of Motion to Stay Order Approving Sale of Assets of Riverside Millwork, Inc., and exhibits thereto, including:

a. the proposed plan of reorganization, submitted to the Trustee on July 19, 1005, including the offer of Chariot Recovery, Inc., to acquire Riverside Millwork, Inc. and Jenkins Manufacturing, Inc.;

b. Chariot's offer dated September 19, 2005, to purchase the assets of Riverside Millwork, Inc., and Jenkins Manufacturing, Inc.

**B.    Statement of the Issues to be Presented**

1. Whether the Bankruptcy Court (the "Court") erred in failing to find that the purchaser of the Debtor's 92% owned subsidiary Riverside Millwork, Inc. ("Rivco") acted in good faith as required by *In re Abbott's Dairies,* 788 F.2d 143 (3rd Cir. 1986).

2. Whether the Court erred in that it failed to require an open bidding process, where the Trustee entered into an agreement to sell Rivco to an insider without competitive bidding, and where a higher offer was available and there was no urgency to the sale.

3. Whether the Court erred in failing to hold a hearing to determine if the entire sale process was conducted in a manner that evidences good faith, where the Trustee entered into an agreement to sell Rivco to an insider without competitive bidding, and under conditions that prejudiced rival offers.

4.  Whether the Court erred in finding that the sale price was fair when a substantially higher offer was available, and where the price offered for Rivco was less than forty percent of book value, less than one times annual operating earnings and only sixty percent of enterprise value.

5.  Whether the Court erred in finding that the alternative bidder had not previously submitted a bid, where in fact prior to the close of the record herein that bidder had in fact submitted two written bids for two of the Debtors' subsidiaries, including Rivco.

6.  Whether the Court erred in approving the sale without competitive bidding, where Rivco was not a wasting asset, and there was no real urgency to the sale.

7.  Whether the Court erred in finding that the Appellant had a conflict of interest where the bidder with which he was affiliated had offered a price more than thirty percent higher than the insider price accepted by the Trustee without competitive bidding.

8.  Whether the Court erred in approving a sale that was not part of, or consistent with a plan of reorganization.

9.  Whether the Court erred in finding that the offer accepted by the Trustee was "firm and unconditional".

10. Whether the Court erred in finding, by contrast, that the competing offer was "conditional", where that offer stipulated that it was on the same terms as those in the offer the Trustee accepted and the contingencies in the competing offer were unsatisfied as of the hearing date because of the way the sale process was conducted.

11. Whether the Court erred in finding that the alleged "upcoming termination of a forbearance agreement" between the Debtor and its secured lender was relevant in deciding whether to approve the sale.

12. Whether the Court erred in applying an incorrect legal standard to this sale where the winning purchaser was an insider(s) of the Debtor and such sales require a heightened level of scrutiny.

Respectfully submitted,

HARVEY, PENNINGTON LTD.

Dated: November 14, 2005
Wilmington, Delaware

By: /s/ *James E. Huggett*
James E. Huggett (# 3956)
"J" Jackson Shrum (DE Bar no. pending)
913 N. Market Street, 7th Floor
Wilmington, Delaware 19801
Phone: 302-428-0719
Fax:   302-428-0734
Jhuggett@harvpenn.com
Jshrum@harvpenn.com

*Counsel to Appellant Ambrose M. Richardson*

DE: 716259.3                                4