IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| SUMMIT METALS, INC., | : | |
| | : | Case No. 98-2870 (RB) |
| | : | |
| Debtor. | : | Hearing Date:  December 14, 2005 at 2:00 p.m. |
| | | Objection Deadline:  December 1, 2005 at 4:00 p.m. |

**MOTION OF THE CHAPTER 11 TRUSTEE, FRANCIS A. MONACO, JR.
TO STRIKE APPELLANT'S DESIGNATION OF CERTAIN ITEMS TO
BE INCLUDED IN THE RECORD ON APPEAL PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006</u>**

Francis A. Monaco, Jr., the court appointed chapter 11 trustee ("Trustee") of Summit Metals, Inc. ("Debtor"), by and through the undersigned counsel, hereby moves (the "Motion") to strike certain documents contained in the Designation of Items to be Included on the Record on Appeal (the "Appellant's Designation") filed by Ambrose M. Richardson, III[1] ("Richardson") from the record on appeal.  In support of this Motion, the Trustee respectfully represents as follows:

<u>**BACKGROUND**</u>

1.     On November 3, 2005, A.M. Richardson, PC ("PC" or "Appellant") filed a Notice of Appeal (the "Appeal") with respect to the Court's October 24, 2005 Order Authorizing the Chapter 11 Trustee to Vote it's stock of Riverside Millwork Co. to Approve the Sale.

2.     On September 19, 2005, the Trustee filed a Motion ("Sale Motion") to approve the sale of one of Summit's solely owned subsidiaries, Riverside Millwork Co. ("RIVCO").  On October 12, 2005 and October 18, 2005, the Court held a hearing on the RIVCO Sale Motion

---

[1] Richardson, individually, filed the Designation, but the Notice of Appeal purports to be filed by Richardson, yet it is signed by counsel on behalf of one –A.M Richardson, P.C.  Nonetheless, we refer to the designation as "Appellant's Designation."

(collectively, the "Sale Hearing"). On October 25, 2005, the Court granted the Trustee's Sale Motion and issued a decision and order authorizing the sale of RIVCO (the "Sale Order"). It is this Sale Order from which the Appeal is brought.

## PRELIMINARY STATEMENT

3. The Appellant's Designation is too broad. It includes documents which were not even in existence at the time of the Court's consideration of the Sale Motion. These documents include certifications of James T. Kelly, Joseph N. Giglietti and Stuart J. Benton (collectively, the "Certifications"), each of which was submitted in support of a motion to stay the Sale Order (the "Stay Motion"). Moreover, Richardson appears to have designated the entire case file in this chapter 11 proceeding (the "Docket Designations"). Specifically the Appellant's Designation lists the following as a designated item to be included in the record on the appeal – "The Docket and record for the United States Bankruptcy Court for the District of Delaware chapter 11 case no. 98-2870." This designation in particular -- of what amounts to thousands of pages of documents comprising the entire chapter 11 proceeding -- is unreasonable and at the same time overbroad. These two categories of documents were not referred to by any of the parties at the Sale Hearing. Moreover, the Court did not directly consider any of this evidence at the Sale Hearing nor did it specifically mention these documents in its decision. Finally, the Court did not take judicial notice of any facts derived from these designated documents. And, the designated documents do not contain statements of undisputed facts from which the taking of judicial notice is appropriate. Rather the documents are largely submissions in contested matters in the Debtors' chapter 11 case generally. Thus, the Appellant's Designation submitted to the Court is unreasonably broad and improper. Accordingly, this Court should strike the Appellant's Designation with respect to the improperly designated documents.

## BASIS OF OBJECTION

4. As an initial matter, an appellant and an appellee are responsible for determining those items to be included in a record on appeal. Bankruptcy Rule 8006 expressly provides that:

> [T]he appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal….Within 10 days after the serve of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal…

Fed. R. Bankr. P. 8006; *see, e.g., In re Abijoe Realty Corp.*, 943 F.2d 121, 123 n.1 (1st Cir. 1991). Accordingly, an appellant designates the items to be included in the record and an appellee may designate additional items where such items are required to provide the appellate court with a complete record of a particular lower court proceeding. *See In re Berge,* 37 B.R. 705, 707 (Bankr. W.D. Wis. 1983) (holding that appellee may only add to the appellant's designation because "[t]he Bankruptcy Rules do not expressly allow the appellee to modify the record by exclusion.").

5. The record on appeal should contain all documents used as evidence by the bankruptcy judge in reaching his decision. *In re W.T. Grant Co.,* 432 F. Supp. 105, 106 (S.D.N.Y. 1977), aff'd, 559 F.2d 1206 (2d Cir. 1977). When a dispute arises regarding the proper contents of the record on appeal, the bankruptcy court has jurisdiction to settle that dispute pursuant to Federal Rule of Appellate Procedure 10(e)(1) which states:

> If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

Fed. R. App. P. 10(e)(1); *see In re Prudential Lines, Inc.,* No. 93 Civ. 1481, 1994 U.S. Dist. LEXIS 5080, at *2 (S.D.N.Y. Apr. 18, 1994) ("[Rule 10(e)] applies to the modification or supplementation of records on bankruptcy appeals."); *In re Berge,* 37 B.R. at 707 (noting the application of Rule 10(e) to the bankruptcy court as a trial court).

6. Rule 8006 does not permit an appellant or an appellee to designate items to be included in the record on appeal to the district court that were not considered by the bankruptcy court. *See Zer-Ilan v. CPDC (In re CPDC, Inc.),* 337 F.3d 436, 443 (5th Cir. 2003) citing *Sipes v. Atlantic Gulf Communities Corp. (In re Gen. Dev. Corp.)*, 84 F.3d 1364, 1369 (11th Cir. 1996) (supplementation of record on appeal allowed only by documents considered in rendering its decision. *See In re West Mountain Sales, Inc.,* No. 88-CV-1072, 1990 U.S. Dist. LEXIS 10794, at *5 (N.D.N.Y. Aug. 15, 1990) ("[S]ince the items…were not considered by the court in rendering its decisions…the items were stricken from the record."). Thus, Richardson's attempted inclusion of the Certifications which were filed after the Sale Hearing are clearly inappropriate.

7. The doctrine of judicial notice does not provide a basis for an expansive and unchecked inclusion of documents from the docket of the bankruptcy case within a record on appeal. *See, e.g., R.C. Wynn v. Halliburton (In re R.C. Wynn)*, 112 B.R. 9, 10 (N.D. Tex. 1990). Instead, a bankruptcy court can only take judicial notice of specific and uncontested facts that are part of the chapter 11 proceedings. In *Wynn*, the district court rejected the appellant's attempted designation of the entire chapter 11 case. The Court found that its inclusion was unreasonably broad and amounted to no designation at all. In *Wilson v. Huffman (In re Missionary Baptist Found. of Am.),* 712 F.2d 206, 211 (5th Cir. 1983), the Fifth Circuit Court of Appeals concluded that there is no blanket rule allowing courts to take judicial notice of items in the record without

a proper indication of what those items or issues are to the opposing party. *Id.* Since items in a record are not the "ordinary fare of judicial notice subject matter," it is only reasonable "that the disadvantaged party be afforded notice and an opportunity to respond." *Annis v. First State Bank of Joplin,* 96 B.R. 917, 920-21 (W.D. Mo. 1988).

8. Moreover, a bankruptcy court cannot take judicial notice of previously filed documents where the facts contained in those documents are being disputed by the parties in the matter before the court. *See In re Indian Palms Assocs., Ltd.* 61 F.3d 197, 204 n.12 (3d Cir. 1995) ("The facts to which [the previously filed documents] related, being disputed in the very controversy under consideration, were not the sort of facts of which the referee was entitled to take judicial notice.") (quoting *In re Aughenbaugh,* 125 F.2d 887, 890 (3d Cir. 1942)). Facts relating to the merits of the case should be decided on the basis of evidence admitted in the trial record; this procedure gives each party a fair opportunity to rebut and put into perspective the evidence admitted against it position. *See id.* at 205 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 142 (1st Cir. 1985), *cert. denied*, 476 U.S. 1172 (1986)).

9. Richardson has attempted to designate essentially, the Debtors' entire chapter 11 case, in addition to the Certifications which were not even in existence at the time of the Court's consideration of the Sale Motion. The parties did not include any of the items in the Appellant's Designation in any pleadings filed in conjunction with the Sale Motion. At the Sale Hearing, the Bankruptcy Court did not articulate or refer to any specific item, pleading or fact of which it was taking judicial notice. The Trustee was thus denied an opportunity to determine whether a factual dispute existed as to such items in light of their use and in terms of the requested relief or to present evidence to rebut the conclusion presumably derived from such items.

49524                                       5

10. The Debtors' designation is unreasonably broad and improper. The Bankruptcy Court should thus strike the Certifications and the Docket Designations from Appellant's Designation.

## CONCLUSION

WHEREFORE, for the foregoing reasons the Trustee respectfully requests that this Court strike the Certifications and the Docket Designations from the Appellant's Designation and grant such other and further relief and is just and proper.

Date: November _, 2005                                 **MONZACK AND MONACO, PA**

                                                                                ____/s/ Joseph J. Bodnar_____
                                                                                Joseph J. Bodnar (#2512)
                                                                                1201 N. Orange Street, Suite 400
                                                                                Wilmington, DE 19801
                                                                                (302) 656-8162

                                                                                Counsel for the Chapter 11 Trustee