UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:

SUMMIT METALS, INC.,

Chapter 11
Case Nos. 98-2870 (RB)

Debtor.
---------------------------------------------------------------X

**CHAPTER 11 TRUSTEE'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS APPEAL AS MOOT**

Pursuant to the direction of the office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and the office of the Clerk of the United States District Court for the District of Delaware, this Memorandum of Law is being filed in the Bankruptcy Court.

**MONZACK AND MONACO, P.A.**

JOSEPH J. BODNAR (#2512)
1201 Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

*Attorneys for Appellee Francis A. Monaco, Jr.,
Chapter 11 Trustee*

Dated: December 9, 2005

50205v2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:

SUMMIT METALS, INC.,

                        Debtor.
---------------------------------------------------------------X

AMBROSE M. RICHARDSON, III,

                        Appellant,

       v.

FRANCIS A. MONACO, JR., TRUSTEE, *et. al.*,

                        Appellees.
---------------------------------------------------------------X

Chapter 11
Case Nos. 98-2870 (RB)

Bankruptcy Appeal No. _____

**MEMORANDUM OF LAW IN SUPPORT OF APPELLEE
FRANCIS A. MONACO, JR., CHAPTER 11 TRUSTEE'S
<u>MOTION TO DISMISS APPEAL AS MOOT</u>**

                                           MONZACK AND MONACO, P.A.

                                           JOSEPH J. BODNAR (#2512)
                                           1201 Orange Street, Suite 400
                                           Wilmington, DE 19801
                                           (302) 656-8162

                                           *Attorneys for Appellee Francis A. Monaco, Jr.,*
                                           *Chapter 11 Trustee*

Dated: December 9, 2005

49979

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ..................................................................................1

SUMMARY OF ARGUMENT ........................................................................................................2

STATEMENT OF FACTS ...............................................................................................................2

ARGUMENT ....................................................................................................................................6

CONCLUSION ...............................................................................................................................10

# TABLE OF AUTHORITIES

### Cases

*In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)......................7

*Cinicola v. Scharfenberger*, 248 F.3d 110 (3d Cir. 2001) ...........................................6, 9

*Continental Bank v. Cantwell (In re Cantwell)*, 639 F.2d 1050, 1054 (3rd Cir. 1981)..............9

*Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490 (3d Cir. 1998)...............9

*Pittsburgh Food and Beverage, Inc. v. Ranallo, et. al.*, 112 F.3d 645, 650 (3d Cir. 1997).....7, 9

*In re Polaroid Corporation, et. al.*, 2004 WL 253479 (D. Del. 2004)............................6, 9

*In re Rickel Home Centers, Inc.*, 209 F.3d 291 (3d Cir. 2000)........................................9

*In re Stadium Mgmt. Corp.*, 895 F.2d 845 (1st Cir. 1990)............................................9

### Statutes

11 U.S.C. Section 363 (2005) ................................................................................ passim

### Rules

Bankruptcy Rule 6004(g) ..................................................................................... passim

## NATURE AND STAGE OF PROCEEDINGS

Although he has not obtained a stay pending appeal, Appellant Ambrose M. Richardson, III ("Richardson") filed the present appeal seeking to reverse the Judgment (the "Sale Order") of the Bankruptcy Court dated October 24, 2005, approving the sale of substantially all of the assets (the "Rivco Assets") of Riverside Millwork Company, Inc. ("Rivco") to Appellee RHC Acquisition, Inc. ("RHC") (the "Sale Transaction"). Rivco is a non-debtor subsidiary of Summit Metals, Inc. (the "Debtor"), the chapter 11 debtor in the underlying bankruptcy case. Appellee Francis A. Monaco, Jr., ("Trustee") serves as the chapter 11 trustee for the Debtor. Richardson filed a notice of appeal (the "Notice of Appeal") of the Sale Order, a Designation Of Items To Be Included On The Record On Appeal And A Statement Of The Issues To Be Presented (the "Statement of Issues") and a motion to stay (the "Stay Motion") the Sale Order, but failed to request an expedited hearing or otherwise obtain a stay of the Sale Order prior to the expiration of the ten-day stay imposed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure. The Trustee, Rivco and RHC closed the Sale Transaction on November 4, 2005, one day after the expiration of the Rule 6004(g) stay. Richardson now asks this Court to reverse the Sale Order and undo the Sale Transaction without first having obtained a stay of the Sale Order or otherwise preventing the now-closed Sale Transaction from closing.

## SUMMARY OF ARGUMENT

This Court should dismiss the Richardson appeal on grounds of statutory and equitable mootness. Section 363(m) of the Bankruptcy Code expressly provides that the reversal or modification of an order authorizing a sale under Section 363(b) cannot impact the

validity of the underlying sale transaction if the buyer purchased the assets in "good faith" and the order authorizing such sale has not been stayed pending appeal. The Sale Order and the record below clearly establish that RHC purchased the assets in "good faith" and that Richardson failed to obtain a stay of the Sale Order pending appeal. In light of the fact that the parties have already closed the Sale Transaction, and that Section 363(m) bars this Court from granting the relief Richardson seeks in his appeal, this Court should dismiss Richardson's appeal on grounds of statutory mootness. In the alternative, the appeal must be dismissed on grounds of equitable mootness because Richardson failed to obtain a stay pending appeal, the parties closed the Sale Transaction and this Court cannot provide Richardson with any effective remedy on appeal.

## STATEMENT OF FACTS

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 30, 1998 (the "Petition Date") [Docket No. 1].[1] On or about March 4, 1999, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in connection with the Debtor's bankruptcy proceeding [Docket No. 37].[2] On November 18, 2004, the Bankruptcy Court approved the appointment of the Trustee as the chapter 11 trustee in this case [Docket No. 374]. The Trustee was engaged to, *inter alia*, liquidate the Debtor's subsidiaries and distribute the proceeds of sale to creditors of the estate. *See* Transcript of the October 12, 2005 hearing (the "October 12 Transcript") [Docket No. 539] at p. 34, lines 22-24.

---

[1] Unless otherwise noted, all references to Docket Nos. shall refer to the Bankruptcy Court docket.
[2] Richardson also serves as chairman of the Committee, a role which the Bankruptcy Court held would create a conflict of interest for Richardson in his quest to purchase the Rivco Assets. *See* Memorandum Opinion (defined below) at p. 1-2.

On September 19, 2005, the Trustee filed a motion (the "Sale Motion") to obtain authority to close the Sale Transaction pursuant to Section 363(b) [Docket No. 521]. Pursuant to the Sale Motion, among other things, the Trustee requested that the Bankruptcy Court (a) authorize the Sale Transaction pursuant to Section 363(b)(1) of the Bankruptcy Code, (b) determine that RHC is a "good faith" purchaser for purposes of Section 363(m), (c) determine that the purchase price for the Rivco Assets is fair and adequate, (d) determine that RHC's offer was the highest and best offer for the Rivco Assets and (e) find that the Trustee exercised sound business judgment in deciding to sell the Rivco Assets to RHC. *See* Sale Motion at pp. 7-10.

Richardson serves as the Chairman of the Committee. *See* October 12 Transcript, p. 37, lines 13-15. The Committee, through its counsel, participated in the negotiations among the Trustee, the Trustee's investment banker, J. Scott Victor of SSG Capital Advisors (the "Investment Banker"), and RHC in connection with the then-proposed Sale Transaction. *See* Reply Of the Chapter 11 Trustee To Objections Filed By Richard Gray, A. M. Richardson And The Official Committee Of Unsecured Creditors To The Trustee's Motion For Authority To Consent To Sale Of All Or Substantially All Of The Assets Of Debtor's Subsidiary, at pg 2 [Docket No. 528]. Nonetheless, Richardson, in his personal capacity, submitted a bid for the Rivco Assets and filed his own objection (the "Richardson Objection")[Docket No. 525] to the Sale Motion on the following grounds: (a) the purchase price was too low, (b) Richardson claimed to have submitted a higher and better offer for the

Rivco Assets and (c) RHC's relationship to Rivco's management precluded RHC from being a "good faith" purchaser.[3]

On October 12, 2005, the Bankruptcy Court conducted an evidentiary hearing on the Sale Motion and considered the testimony of the Trustee, the Investment Banker and Richardson. *See generally*, October 12 Transcript.  The Trustee and the Investment Banker testified that, among other things, (a) they had marketed the Rivco Assets to over 80 financial and strategic buyers over a period of one year *(Id. at p.7, lines 15-18; p. 34, lines 12-16)*, (b) RHC had submitted the highest and best offer for the Rivco Assets *(Id. at pp. 11-13; p. 32, lines 22-24)*, (c) the negotiations with RHC were "arduous," "hard fought," "arm's length," conducted over a period of "several months" and resulted in the Trustee negotiating a 20% increase in the cash portion of the purchase price from "one million to $1.2million" *(Id. at p. 30, lines 24-25; p. 31, lines 1-15)*, (d) there was no collusion among any of the bidders or parties in interest *(Id. at p. 31, lines 10-15)*, (e) RHC's offer was unconditional with committed financing and ready to close upon court approval *(Id. at p.15, lines 23-25; p. 16, lines 1-3; p. 26, lines 21-23; p. 27, lines 21-25; . 28, lines 1-3; p. 32, lines 18-19; p. 58 at lines 2-4)* and (f) the purchase price was a fair and reasonable *(Id. at pp.12 –14; p. 32, lines 22-24)*.

The Investment Banker and the Trustee testified that they had rejected Richardson's offer for the Rivco Assets because, *inter alia*, it was oral, nonbinding and Richardson did not have financing commitments, *See Id.* at p. 25, lines 12 – 18; p. 26, lines 16-25; p. 27, lines 15- 25. After a recess, Richardson submitted a written letter of intent (the "LOI") to the Trustee.  When the Court reconvened, the Trustee informed the Bankruptcy Court that he had decided to reject Richardson's offer set forth in the LOI because that offer

---

[3] The Committee initially filed a limited objection [Docket No. 523], but withdrew that objection at the hearing on the Sale Motion. *See* October 12 Transcript at p. 60, lines 19-20.

was subject to too many contingencies and was not backed by any financial commitments. *See Id.* at p. 57, lines 6 – 25; p. 58, line 1. The Court then took the matter under advisement. *See Id.* at p. 63, lines 2 – 4.

On October 18, the Bankruptcy Court conducted a hearing at which it rendered its decision on the Sale Motion, granting the Sale Motion, overruling the Richardson Objection and reading its findings of fact and conclusions of law into the record. *See generally*, Transcript of the October 18, 2005 hearing (the "October 18 Transcript")[Docket No. 540]. On October 24, 2005, the Court issued its Memorandum of Opinion and Order (the "Memorandum Opinion") [Docket No. 537] and the Sale Order [Docket No. 538] which, *inter alia*, approved the Sale Motion and overruled the Richardson Objection. Because the Court refused to grant a waiver of the ten-day stay imposed by Rule 6004(g), the Sale Order was automatically stayed until November 3, 2005.

On the afternoon of November 3, 2005, Richardson filed his Notice of Appeal [Docket No. 542] and the Stay Motion [Docket 543].[4] However, notwithstanding his having waited until the afternoon before the Sale Transaction was due to close, he failed to obtain any hearing date on the Stay Motion, let alone request an expedited hearing.

On November 4, 2005, in the absence of a stay pending appeal, the Trustee, Rivco and RHC closed the Sale Transaction. RHC's lenders have fully funded the Sale Transaction; RHC has delivered the full purchase price to the Trustee; RHC has paid Rivco's prior secured lender in excess of $6 million; the IRS has discharged its lien against Rivco; hundreds of Rivco employees have been transferred to and are now employed by RHC; RHC has assumed and has paid or is paying Rivco's outstanding trade debt; the minority

---

[4] On November 14, 2005, Richardson filed his Statement of Issues [Docket No. 547].

shareholders of Rivco have been paid $100,000 as required by paragraph 7(a) the order of the Bankruptcy Court dated May 17, 2005 [Docket No. 463]; and RHC has assumed and is paying and performing virtually all other liabilities of Rivco.

## ARGUMENT

This Court should dismiss the Richardson appeal on grounds of statutory mootness. Section 363(m) of the Bankruptcy Code expressly provides that the reversal or modification of an order authorizing a sale under Section 363(b) cannot impact the validity of the underlying sale transaction if the buyer purchased the assets in "good faith" and the order authorizing such sale has not been stayed pending appeal.[5] In light of the fact that the bankruptcy court authorized the Sale Transaction pursuant to Section 363(b), RHC purchased the assets in "good faith," Richardson failed to obtain a stay of the Sale Order pending appeal, and the reversal of the Sale Order would impact the validity of the Sale Transaction, this Court must dismiss Richardson's appeal on grounds of statutory mootness.

Congress enacted Section 363(m) to foster "the policy of not only according finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely." *In re Polaroid Corporation, et al.*, 2004 WL 253479, *1 (D. Del. 2004) (*citing Cinicola v. Scharffenberger*, 248 F.3d 110, 122 . n.13 (3d Cir. 2001)). The primary purpose of Section 363(m), therefore, is to "promote certainty and finality in bankruptcy sales[.]" *Id., citing Cinicola* at 122. Section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property

---

[5] The failure to obtain a stay pending appeal is s significant factor in a court's determination of whether an appeal should be dismissed. See Blake of Chicago Corp., et al. May 25, 2005 Transcript at pp. 41-46 attached hereto as Exhibit "A".

> does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Section 363(m), therefore, insulates a bankruptcy sale from an appeal if (a) the bankruptcy court authorized the sale pursuant to Section 363(b), (b) the buyer purchased the assets in "good faith" and (c) the appellant failed to obtain a stay of the order. *See* 11 U.S.C. Section 363(m).

RHC is entitled to the protections granted by Section 363(m) because all of the elements of the above test are met. With respect to the first element of the test, the Bankruptcy Court authorized the Sale Transaction pursuant to Section 363(b) of the Bankruptcy Code. The Trustee sought approval of the Sale Transaction pursuant to Section 363(b) of the Bankruptcy Code. *See* Sale Motion at pp. 7-10. Pursuant to the Court's Memorandum Opinion, the Bankruptcy Court held that it had sufficient jurisdiction to approve the Sale Transaction pursuant to Section 363 of the Bankruptcy Code and to grant RHC the protections granted by Section 363(m) of the Bankruptcy Code. *See* Memorandum Opinion at p.5, citing *Pittsburgh Food and Beverage, Inc. v. Ranallo, et. al.*, 112 F.3d 645, 650 (3rd Cir. 1997). The Bankruptcy Court granted the Sale Motion by entering the Sale Order, thereby authorizing the Sale Transaction pursuant to Section 363(b). It is clear, therefore, that the Bankruptcy Court authorized the Sale Transaction under Section 363(b).

The second element of the Section 363(m) test is also met. By granting the Sale Motion, the Bankruptcy Court found that RHC purchased the Rivco Assets in "good faith." The Third Circuit has defined "good faith" for purposes of Section 363(m) as encompassing "one who purchases in 'good faith' and 'for value.'"

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).

In the Sale Motion, under the section entitled "Relief Requested," the Trustee requested that the Court enter an order concluding that RHC is a "good faith purchaser" and that the purchase price is "fair and adequate and is the highest amount reasonably obtainable under the circumstances." *See* Sale Motion at p. 7. The Court found in the Memorandum Opinion that the purchase price was fair and reasonable and was the highest and best offer for the Rivco Assets. *See generally*, Memorandum Opinion. As stated earlier, the Trustee's and Investment Banker's un-refuted testimony established that RHC acted in "good faith" during the sale process. Additionally, pursuant to the Sale Order, the Bankruptcy Court granted the Sale Motion and overruled the Richardson Objection, in which Richardson argued that RHC was not purchasing the Rivco Assets in "good faith." The Bankruptcy Court, therefore, held that RHC is a "good faith" purchaser for purposes of Section 363(m).

Finally, the third element of the Section 363(m) test is met because Richardson failed to obtain a stay of the Sale Order pending appeal. Although Richardson filed his Stay Motion on the afternoon of the last day of the ten-day stay period under Bankruptcy Rule 6004(g), the Bankruptcy Docket clearly reflects that Richardson did not obtain a hearing date on the Stay Motion, much less request an emergency hearing on that motion, prior to the expiration of that ten-day stay. Indeed, as of the date of this pleading, Richardson has not obtained a hearing date on the Stay Motion. It is abundantly clear that the Sale Order has not

been stayed pending appeal, and it cannot now be stayed because the parties have already consummated the Sale Transaction.[6]

Once it has been established that a buyer is entitled to the protections of Section 363(m), the Third Circuit uses a two-prong test for mootness: "(1) whether the bankruptcy court order authorizing the sale was stayed pending appeal and (2) whether vacating the bankruptcy court's order would affect the validity of the sale." *Polaroid* at *1. Since the Sale Order has not been stayed pending appeal, the court must look to the relief requested by Richardson in the Notice of Appeal and Statement of Issues to determine whether Richardson seeks to affect the validity of the already-closed Sale Transaction. *Id.* Richardson's Notice of Appeal and Statement of Issues clearly prove that Richardson seeks nothing less than the reversal of the Sale Order and to eviscerate the Sale Transaction so he can attempt to purchase the Rivco Assets himself. Because the reversal of the Sale Order would, therefore, affect the validity of the entire Sale Transaction, Richardson's appeal must be dismissed as moot. *Polaroid* at *1 –2; *Pittsburgh*, 112 F.3d at 651; *Cinicola v. Scharffenberger*, 248 F.3d 110, 112 (3d Cir. 2001); *In re Rickel Home Centers, Inc*, 209 F. 3d 291, 298 (3d Cir. 2000); *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998); *In re Stadium Mgmt. Corp.*, 895 F.2d 845 (1st Cir. 1990).

Richardson's appeal should also be dismissed as moot based upon equitable grounds. Generally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief. "As a result, where, pending appeal, an act or event sought to be enjoined has been performed

---

[6] In Nordhoff Investments, Inc. v. Zenith Electronics Corporation, 258 F.3d 180, 187 (3d Cir. 2001), the Third Circuit Court of Appeals emphasized that it is the appellant's obligation to diligently seek a stay and that the failure to seek a stay "weighs heavily in favor of dismissing Appellants' claims." Here Richardson has not acted with the required diligence and the court should judge his conduct accordingly.

or has occurred pending appeal, an appeal from the [applicable order] will be dismissed as moot." *Continental Bank v. Cantwell (In re Cantwell)*, 639 F.2d 1050, 1054 (3rd Cir. 1981). In this case, the act that Richardson sought to enjoin through the Notice of Appeal and the Stay Motion – the closing of the Sale Transaction – has already occurred. In reliance on the Sale Order, the Sale Transaction and the absence of any stay pending appeal, third parties have taken actions which cannot be revoked. The Sale Transaction simply cannot now be undone, a fact which should have been obvious to Richardson when he filed the Stay Motion but failed to take any meaningful steps to obtain a hearing on it prior to the closing. As a result, because this Court cannot provide Richardson with any effective relief, Richardson's appeal must be dismissed as moot.

## CONCLUSION

For the foregoing reasons, Richardson's appeal should be dismissed as moot.

Dated: December ____, 2005        **MONZACK AND MONACO, P.A.**

_____
JOSEPH J. BODNAR (#2512)
1201 Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

*Attorneys for Appellee Francis A. Monaco, Jr., Chapter 11 Trustee*