IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> SUMMIT METALS, INC. ) <br> ) <br> Debtor, ) <br> ) <br> ) <br> AMBROSE M. RICHARDSON, III, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> FRANCIS A. MONACO, JR., TRUSTEE, ) <br> *et al.*, ) <br> ) <br> Appellees. ) | Chapter 11 Case No. 98-2870 <br><br><br><br> Appeal No. 1:05-cv-876 (KAJ) |

**APPELLANT'S MOTION FOR EXTENSION
OF TIME TO FILE APPELLANT'S OPENING BRIEF**

Ambrose M. Richardson., the Appellant herein, respectfully submits this *Motion for Extension of Time to File Appellant's Brief* (the "Motion to Extend") in the above-captioned appeal (the "Appeal").

**BACKGROUND**

1. On September 19, 2005, Appellee Francis A. Monaco, Jr. Trustee ("Appellee") in the above-captioned bankruptcy case filed a motion to approve the sale of Rivco to RHC Acquisition, Inc. ("RHC").

2. On October 12 and 18, 2005, the court held a hearing on the Appellee's sale approval motion.

3.  On October 25, 2005, the court granted the Appellee's motion and rendered a decision and order authorizing the sale of Rivco to RHC ("Sale Order"). It is this Sale Order from which the Appellant appealed.

4.  On November 3, 2005, the Appellant filed a *Notice of Appeal* ("Appeal," at D.I. 542) and *Motion to Stay Order Approving* [Appellee's] *Motion to Sale* [sic] *Certain Non-Debtor Assets and Overruling Objections* ("Stay Motion," at D.I. 543).

5.  At the time of filing the Appeal, Appellant repeatedly sought a hearing date for the Stay Motion but received no response or a date from the Court for several weeks thereafter. *See Affidavit of Dawn Abernathy* at D.I. 571. At that time, no further omnibus hearing dates were available for the Stay Motion.

6.  On or about December 13, 2005, the court gave January 25, 2006 at 11:30 am as the next available hearing date for the Stay Motion. The Appellant promptly filed a Notice of Hearing for said date and time and served the Notice on all relevant parties. On or about December 22, 2005, the involvement of visiting Judge Randolph Baxter was terminated. Judge Kevin J. Carey was designated to replace Judge Baxter. At or about that time, the Court informed the Appellant that the hearing for the Stay Motion would be moved from January 25 to February 10, 2006, at 1:30 pm.

7.  On or about December 16, 2005, the Appellee filed a Motion to Dismiss the Appeal as Moot ("Motion to Dismiss"). On December 19, 2005, RHC joined the Appellee's Motion to Dismiss.

8.  On or about December 19, 2005, the Court docketed the Appeal. Pursuant to Bankruptcy Rule 8009, unless the district court excuses the filing of briefs or specifies

different time limits, the Appellant is required to file a brief within 15 days after the entry of the appeal on the docket.

9. The Appeal was referred to mediation with Vincent Poppiti serving as mediator. Counsel to all parties to the Appeal participated in the mediation by telephone on January 3, 2006. The parties agreed that mediation would be held in abeyance until the Court makes a determination on the Motion to Dismiss. Pursuant to the parties' agreement, the Appellee was given until January 9, 2006 to file a reply to the Appellant's Response to the Motion to Dismiss.

10. The undersigned requested (on January 3, 2006) that the Appellee and counsel to RHC agree to a consent form of briefing/scheduling order to extend the Appellant's time to file its opening brief. As of the filing of this Motion, neither Appellee nor RHC has responded to the Appellant's request.

11. Considering that the argument for the Motion to Stay will not be heard until February 10, 2006, and that the Motion to Dismiss will not likely be resolved before January 9, 2006, filing an opening brief would appear premature at this time. In an effort to save the parties time and expenses associated with the opening brief, the Appellant respectfully requests an extension of time and seeks entry of an order for the same.

## BASIS FOR THE RELIEF REQUESTED

12. No citations are needed for the proposition that the Court has authority to control its own docketing and scheduling. The Appellant has set forth the above clear and understandable reasons for the requested extension of time. No party would be prejudiced if the extension is granted.

**WHEREFORE,** the Appellant respectfully requests entry of an order granting it an extension to file and serve its opening brief until **February 11, 2006,** or within ten (10) days after the Court renders its decision with respect to the pending Motion to Dismiss, whichever is earlier.

|  |  |
|---|---|
|  | Respectfully submitted,<br>HARVEY, PENNINGTON LTD. |
| Dated: January 3, 2006 | By: /s/ *James E. Huggett*<br>James E. Huggett, Esq (# 3956)<br>"J" Jackson Shrum, Esq. (#4757)<br>913 N. Market Street, 7th Floor<br>Wilmington, Delaware 19801<br>(302) 351-1125 (telephone)<br>(302) 428-0734 (fax)<br>jhuggett@harvpen.com<br>jshrum@harvpenn.com<br><br>*Counsel to A.M. Richardson / Appellant* |